STATE *ex rel.* SAPERSTEIN *v.* BASS, MAYOR.

(*Knoxville*, September Term, 1940.)

Opinion filed June 14, 1941.

610

T. Pope Shepherd, Jere Tipton, and M. B. Finkelstein, all of Chattanooga, for plaintiff in error.

J. W. ANDERSON, of Chattanooga, for defendant in error.

MR. JUSTICE DeHAVEN delivered the opinion of the Court.

Relator, Sanford Saperstein, filed his petition in the Circuit Court of Hamilton County, seeking to have ordinance No. 2307, and amendments thereto, declared void, and seeking a writ of *mandamus* to require E. D. Bass, Mayor of Chattanooga, to issue to him a certificate of good moral character in connection with his application for license to operate a retail liquor store at No. 120 East Fourth Street, Chattanooga, Tennessee.

The circuit judge dismissed the petition on demurrer, and relator has appealed to this court and assigned errors.

It appears from the petition that on May 16, 1939, the City of Chattanooga passed ordinance No. 2307 regulating and controlling the manufacture and sale of intoxicating liquor, and providing, among other things, a retail liquor dealer's privilege license to sell to consumers in sealed packages only. That immediately after the passage of said ordinance, it was amended so as to designate those areas in the city of Chattanooga in which the sale of liquor was permitted.

The ordinance following the general statute (Chapter 49, Public Acts 1939) requires an applicant for retail liquor license to first secure a certificate of good character from the mayor of the city, and a permit from the Department of Finance and Taxation of the State, before the city auditor is allowed to issue permit for the operation of a retail liquor store in the city.

Relator alleges in his petition that he purchased the

lot at 120 E. 4th Street, Chattanooga, for the express purpose of erecting a store for the sale of intoxicating liquor, and that the City, on September 1, 1940, granted him a permit for the construction of a store room at this location, and that he obtained a certificate of good character from the Mayor on or about September 19, 1940, after which he obtained a permit from the Commissioner of Finance and Taxation and a license from the city to operate a retail liquor store at No. 120 E. 4th Street, which location was at that time in the area in which such business could be operated under the ordinance. It was further alleged that on the same day the relator obtained a license to operate a liquor store at the above location, the city passed another amendment to ordinance No. 2307 which provided "that no liquor store shall be established or operated on Fourth Street except between Chestnut and Cherry streets;" that the effect of the amendment was to take relator's location out of the permissible retail zone by removing the boundary line one block west on Fourth Street; that notwithstanding the passage of that amendment, relator operated his retail store at this location for the rest of the year 1940, but when he applied to defendant for a renewal of his certificate of good character it was denied him on the ground that the ordinance, as amended, made illegal the operation of a retail liquor store at this location.

Relator further alleged that 120 E. Fourth Street is the southwest corner of Fourth Street and Walnut Street, and is in a commercial zone of the city as established by the city zoning ordinance passed a number of years ago; that all the other three corners of this intersection are occupied by commercial establishments, as are several of the lots adjacent to the corner lots of this intersection.

Relator then sets out in his petition eleven reasons why the ordinance in question is invalid. These reasons may be summarized as follows: (1) Because it attempts to limit the use of his property for a retail liquor store; (2) because it purports in effect to legislate him out of business; (3) because the location was zoned for commercial purposes under the zoning ordinance of the city, and that there are commercial establishments on each of the other three corners of the street intersections; (4) because the State has not delegated to the city the right to regulate and control the sale of alcoholic beverages, or to fix zones in which such a business may be conducted; (5) because the last mentioned amendment was an unreasonable and arbitrary exercise of police power, and in excess of the legislative power of the city; (6) that the amendment is violative of section 8, article 1, and section 8 of article XI, of the Constitution of the State of Tennessee, and the second clause of the Fourteenth Amendment to the Constitution of the United States.

Defendant demurred to the petition on the grounds: (1) That defendant's refusal to issue a certificate for relator to obtain a liquor license to operate a retail liquor store at No. 120 E. Fourth Street is not an arbitrary refusal, because defendant is prohibited from issuing such certificate by the provisions of the ordinance set out in the petition; (2) that the ordinance in question was passed by the Board of Commissioners of the City of Chattanooga pursuant to charter authority and in the exercise of its police powers, and is a reasonable ordinance and does not deprive defendant of any property and is not violative of either the State or Federal Constitution.

The trial judge was of the opinion that the enactment of the ordinance and the amendments thereto complained

of in the petition was a valid exercise of police power by the Board of Commissioners, and sustained the demurrer and dismissed the petition.

Under the provisions of the charter of the City of Chattanooga (Section 9, Ch. 4, Private Acts 1869-70, as amended by Chapter 10, Private Acts 1911), the Board of Commissioners of the City are authorized by ordinance:

"To license, tax and regulate . . . retailers of liquors, . . . To pass all ordinances not contrary to the constitution and laws of the State that may be necessary to carry out the full intent and meaning of this Act, and to accomplish the object of their incorporation."

■ Thus the specific power "to license, tax and regulate retailers of liquor" was conferred by the Legislature on the Board of Commissioners of the City of Chattanooga. "Regulate" means "to adjust or control by rule, method, or governing principles or laws." *Silverman* v. *Chattanooga*, 165 Tenn., 642, 57 S. W. (2d), 552. In *Nashville* v. *Linck*, 80 Tenn. (12 Lea), 499, 512, it is said: "Regulate, as defined by lexicographers, is to adjust by rule or method, to direct, to rule, to govern, to methodize, to arrange. Every element of this definition involves restraint, the exercise of a power over a thing by which its activities are ruled or adjusted, or directed to certain ends."

In *Thielen* v. *Kostelecky*, 69 N. D., 410, 287 N. W., 513, 515, 124 A. L. R., 820, Annotated, it was held that the power "to regulate the retail sale of alcohol and alcoholic beverages," which the legislative act conferred upon the governing body of a city, vests such governing body with power to fix, by ordinance, a reasonable limit on the number of retail liquor licenses to be issued, and thus limit the number of retail stores that may be operated in the city at any one time.

■ The general rule is well settled that the number of saloons in a municipality, or in a particular portion thereof, may be validly limited by statute, or ordinance, when the power to enact such ordinance is conferred. Annotation, Ann. Cas. 1913E, 365.

■ In *Madison* v. *City of Maryville*, 173 Tenn., 489, 121 S. W. (2d), 540, the city acting under authority of Chapter 69, Public Acts 1933, regulating the manufacture and sale of beer by ordinance, fixed certain zones within which beer could be sold. This was specifically authorized by the Act. The plaintiff, Madison, complained that under the zoning the location of his business was omitted, which, he asserted, was an unreasonable abridgment of his property rights and a discrimination against him. The court upheld the ordinance. There is no difference in principle between that case and the one at bar. While under the Beer Act, the city was specifically authorized to fix zones within which beer could be sold, in the case at bar it is true that under its charter power the City of Chattanooga was specifically authorized to regulate retailers of liquor, which power we hold embraces the authority to create areas within which such retailers of liquor can operate.

In 30 Am. Jur., p. 315, it is stated:

"Likewise, a municipality having the power to tax and regulate, or to license, regulate, and prohibit trafficking in intoxicating liquor, may prescribe the limits within which saloons shall be licensed, and make the consent of the council a prerequisite to the granting of a license to operate a saloon within a prescribed area."

In the exercise of the power conferred by the Legislature "to license, tax, and regulate . . . retailers of liquor," the Board of Commissioners enacted ordinance No. 2307 and amendments thereto. By the first amend-

ment, the area of the City of Chattanooga in which a retail liquor store could be licensed was specified, and a penalty was fixed for a violation of the ordinance. The second amendment did nothing more than further restrict the area in which liquor can be sold.

The power to exercise a sound discretion is implicit in the power to regulate. The Board of Commissioners of the City of Chattanooga elected to exercise the power to regulate retailers of liquor by segregating such business to a described area of the city. Those persons whose property was left outside the area in which liquor stores could be licensed have no basis for constitutional complaint that their property was not included within such area. As said by Justice FIELD in *Crowley* v. *Christensen,* 137 U. S. 86, 11 S. Ct., 13, 15, 34 L. Ed., 620; "There is no inherent right in a citizen to thus sell intoxicating liquors by retail. It is not a privilege of a citizen of the state or of a citizen of the United States. As it is a business attended with danger to the community, it may, as already said, be entirely prohibited, or be permitted under such conditions as will limit to the utmost its evils. The manner and extent of regulation rest in the discretion of the governing authority."

The chief complaint of petitioner seems to be that having erected a store room and having been granted a license for the conducting of a retail liquor business thereon, for the year 1940, the change of the boundaries of the area in which liquor could be sold so as to exclude his property amounted to a discrimination against him and a personal wrong. Why the Board of Commissioners made this change does not appear. The judiciary cannot inquire into motives prompting the enactment of a statute, or ordinance. *Madison* v. *City of Maryville, supra.*

One who assails a classification made in a police

measure must carry the burden of showing that such classification is essentially arbitrary. *McConnell* v. *City of Knoxville,* 172 Tenn., 190, 110 S. W. (2d), 478, 113 A. L. R., 966. The basis on which petitioner asserts the ordinance here involved is discriminating and arbitrary is that the three other corners at the street intersection are occupied by commercial establishments, as are several lots adjacent to these corners, and that this locality is in a commercial zone as established by a zoning ordinance passed a number of years ago. We think this immaterial. The Board of Commissioners may have well determined, in the exercise of its sound discretion, that it would be inimical to the public safety and morals to permit retail liquor stores in this locality. We are unable to say that ordinance No. 2307, as amended, is unreasonable or arbitrary, or violates any provision of the Constitution of this State, or of the Constitution of the United States.

The result is that the judgment of the trial court must be affirmed. Petitioner will pay the costs of the appeal.