GATLINBURG BEER REGULATION COMMITTEE *v.* OGLE.

(*Knoxville*, September Term, 1947.)

Opinion filed November 29, 1947.

Rehearing denied January 16, 1948.

Norman B. Morrell, of Knoxville, for plaintiff in error.

O. M. Connatser, of Sevierville, for defendant in error.

Mr. Justice Burnett delivered the opinion of the Court.

This appeal comes from an order of the Circuit Judge wherein he held that a regulation of the Beer Committee of the incorporated town of Gatlinburg was illegal and void.

The Beer Committee refused to consider the application of the defendant in error for a permit to retail beer because he had not complied with a regulation of the committee, which required "the approval of at least two-thirds of all the property owners within a radius of 300 feet to accompany said application".

Upon the refusal of the Beer Committee the defendant in error filed a petition for the common law writ of *certiorari* in the circuit court in which he averred that the committee were "the duly appointed, elected qualified and active members of Gatlinberg Beer Regulation Committee, existing by authority of the laws of the State of Tennessee and by Ordinance of the town of Gatlinburg, Tennessee, in force and effect." He further averred that he had complied with all laws and requirements which entitled him to sell beer but that the Beer Committee "arbitrarily and contrary to law ruled that the petitioner was not entitled to be granted a permit because of the

facts that he had not filed with his application the written consent or approval of at least two-thirds of all property owners who were within three hundred feet of petitioner's building, and accordingly ruled and voted by reason thereof not to grant said permit . . .''

The writ was duly granted and the Beer Committee answered in part as follows:

''The City of Gatlinburg was authorized to and did appoint Respondents as a Beer Regulating Committee to grant or reject applications for the sale of beer in the City, and in refusing the application, they were acting within their authority and the assigned reason that the application was not accompanied by an agreement for such sale signed by two-thirds of the property owners within a radius of three hundred (300) feet of the place of the proposed business, was not arbitrary, fraudulent, illegal nor beyond the jurisdiction of said committee.''

The entire proceeding heard by the Beer Committee was before the trial judge. After his action as first above indicated no motion for a new trial was filed but in the order an exception was taken to the action of the court and an appeal was prayed to this court.

The defendant in error has filed here a motion to dismiss the appeal because (1) no motion for a new trial was made or filed, and (2) it does not appear that any alleged error was called to the attention of the trial judge ''by motion or petition for new trial.''

The fact that this was not done in no way interferes with the rights of the parties to prosecute an appeal. Such matters simply operate against the bill of exceptions, but we have the balance of the record, known as the technical record, properly before this court, and assignments may be based thereon. *Board of Equalization* v. *Nashville C. & St. L. Ry.*, 148 Tenn. 676, 257 S. W. 91;

*Jackson* v. *Mount Pleasant Combination Cash Store, Court of Civil Appeals,* 5 Tenn. Civ. App. 511.

The result is that the cause is here for review of errors apparent upon the record proper and the motion to dismiss the appeal cannot be granted.

In the reply brief of the defendant in error, it is said the questions now for our determination are ''namely, (1) the question as to the jurisdiction of the Circuit Court to entertain the appeal by the common law writ of *certiorari* from the decision of the Beer Committee in its refusal to grant said permit to retail beer in the town of Gatlinburg, Tennessee; and (2) the validity of the self-imposed regulation of the committee to the effect that an applicant in said municipality, before being granted a permit to sell beer, must file his application therefor accompanied with a written agreement of at least two-thirds of the property owners within 300 feet of the place of business.''

▆▆▆ Considering the first question, the jurisdiction of the Circuit Court is questioned by proper plea because it is said that an action of the kind here invoked must be brought in the Chancery Court by reason of the provisions of Code, Section 9008. This statute does not destroy the distinction between common-law writs and statutory writs. *Anderson* v. *City of Memphis,* 167 Tenn. 648, 72 S. W. (2d) 1059. The statute is not exclusive. It is cumulative giving broader powers and rights than are given under the common-law writ. The common-law writ here invoked operates to bring up the entire record to determine whether there has been an absence or excess of jurisdiction, or a failure to proceed according to the essential requirements of law. *Conners* v. *City of Knoxville,* 136 Tenn. 428, 189 S. W. 870. The Circuit Court therefore had the right to determine whether or

not the regulation invoked by the Beer Committee was within its powers or outside its province.

As to the second question we unhesitatingly feel that the Beer Committee was well within its rights in invoking the regulation here promulgated.

In the first of our reported decisions on the "Beer Statute" this court said:

"The authority for regulation of the liquor traffic, which is a subject of great inherent difficulty, may be conferred on bodies and commissioners provided standards are established by the Legislature and the matter is not left wholly in the discretion of the body or commission. Matters of detail in carrying out the executive duty of giving effect to the legislative will may be left to bodies or commissioners. Interstate Commerce Commission is a conspicuous illustration of this rule. 12 C. J. 847, 848." *Wright* v. *State*, 171 Tenn. 628, 637, 106 S. W. (2d) 866, 870.

In all subsequent pronouncements on the "Beer Statute" this Court has recognized that municipalities had very broad powers in the regulation of the sale of beer. They may enact all reasonable measures deemed desirable for the protection of the morals of the community. See *Howard et al.* v. *Christmas*, 180 Tenn. 519, 176 S. W. (2d) 821.

In enacting an ordinance creating a "Beer Regulation Committee" it necessarily follows that this committee has the power and right to make reasonable regulations for those to follow who desire a permit to sell beer. In making the regulation as here made the committee is in no way zoning applicants for these permits. This requirement, a prerequisite to granting a license, is merely a method of gaining the approval of two-thirds of the surrounding property owners. Obviously in doing

this much time of. this committee will be saved in hearing proof on the matter. This approval in effect says there are none of the ordinary objectionable features to a retail beer establishment present. Similar requirements are a prerequisite to most improvements in a city, such as sidewalks, paving and changing of zoning ordinances. This being true it seems that a stronger reason for the requirement attaches in the issuance of a beer permit.

Such a committee as here created would not be necessary if the city fathers could or did enact an ordinance setting forth a definite comprehensive rule or rules to govern the granting of all beer permits. The very purpose of creating the committee is to give them certain discretionary powers in granting these permits. It seems to be the modern general rule that such bodies who have the duty of ascertaining facts relating to public health, safety, welfare and morals may make reasonable regulations without in any way assuming legislative power in a constitutional sense. See 38 Am. Jur., sections 337, 338, 339, and 340; 16 C. J. S., Constitutional Law, section 138.

The present Chief Justice of this Court speaking for the court in *Putnam County Beer Board* v. *Speck,* 184 Tenn. 616, 201 S. W. (2d) 991, 993, said: ". . . such committees as may be clothed with the duty to issue or revoke beer permits, shall have a wide discretion in exercising their authority."

For the reasons herein expressed the judgment of the Circuit Court must be reversed.

All concur.