KETNER *et al. v.* CLABO, MAYOR, *et al.*

(*Knoxville,* September Term, 1949.)

Opinion filed December 17, 1949.

Hobart F. Atkins and Broughton & Broughton, of Knoxville, for complainant.

O. M. Tate, Jr., of Knoxville, for defendant.

Mr. Justice Gailor delivered the opinion of the Court.

Under the Declaratory Judgments Act, Code, Section 8835 et seq., the bill in this cause was filed to test the validity and constitutionality of Ordinance No. 91 of the City of Gatlinburg, which was adopted on April 13, 1949, and undertakes to provide for the regulation of the storage and sale of beer within that City.

The original bill was filed on June 18, 1949, and alleges that the complainants are the operators of a restaurant business in Gatlinburg, that they had on or before May 1, 1949, filed an application for a permit to sell beer at said restaurant; that on May 6, 1949, a hearing was had before the City Beer Board; and there said application for a permit was rejected upon the ground that the Beer Board had no authority under said Ordinance No. 91, to issue any additional original beer permits, there then being five or more beer permits outstanding in said city. A copy of Ordinance No. 91 was filed as exhibit "A" to the bill, and that part under attack is as follows:

"Section 5—The board of Commissioners find as a fact that under Ordinances Nos. 17 and 62 there are now issued and outstanding six valid permits for the storage and sale of such beverages within the City of Gatlinburg, and the Board finds that it was the intent of Ordinance No. 52 that the number of such permits should be reduced to not in excess of five at the earliest practicable time and the Board reaffirms said policy and intent. Accord-

ingly, hereafter said Beer Regulation Committee shall not issue and shall have no authority to issue any other further or additional permits until such time as said Committee finds that there are four or less permits outstanding, and at no time hereafter shall the Board issue or have authority to issue a permit where the issuance of same will result in there being outstanding at that time more than a total of five such permits.''

It was alleged that said Ordinance, or that part quoted, was void in that there was no showing therein, why the number of beer permits should be limited to five, and that said Ordinance is unconstitutional and invalid for the reason that it attempts to limit the number of beer permits in the City, and therefore, to create a monopoly, in violation of the constitution of Tennessee, Art. I, Section 22. Accordingly, the bill prayed that the Ordinance be declared unconstitutional and void, and that a mandatory injunction issue against the defendants, requiring them to issue the permit to sell beer to complainants. The defendants demurred to the bill on six grounds, namely:

''1. Because the bill shows on its face that said Ordinance No. 91 is in all respects a legal and constitutional enactment.

''2. Because the bill seeks a writ of mandamus to compel the issuance of a beer permit to complainants, and the suit is not brought in the name of the State.

''3. Because the bill seeks to force the Beer Board by mandatory injunction to perform an act which is purely discretionary.

''4. Because the bill seeks a declaratory judgment concerning the validity of a municipal ordinance and the Attorney General of the State is not made a party

defendant as required by Section 8845 of the Code of Tennessee.

"5. Because the bill seeks a review of the action of the Beer Board of the City of Gatlinburg and the record of the proceeding before said Board, which is complained of, has not been properly brought before this Court.

"6. Because there is no equity on the face of the bill."

Holding that the Ordinance under attack did create a monopoly and so was unconstitutional, the Chancellor overruled the demurrer, but refused to grant the injunctive relief prayed. Both parties have appealed and assigned errors. With the holding of the learned Chancellor that the ordinance was unconstitutional, we cannot agree.

(1) By Code Sections 1191.10, 1191.11, 1191.13, 1191.14, regulation and control of the sale of beer in municipalities is made a subject of the police power and absolute discretion is given the governing body of the municipality to effect the regulation and control. *Henderson v. Grundy County Beer Committee,* 176 Tenn. 397, 141 S. W. 2d 901.

The right to store, sell, or possess beer is not a natural or inherent right, but a permissive right, subject to regulation by the city and its governing board. *McHugh v. Mayor & Aldermen of Morristown,* 186 Tenn. 175, 208 S. W. 2d 1021.

The business of selling beer is subject to unlimited restrictions; such restrictions even to the extent of prohibition are not discriminatory. *Grubb v. Mayor & Aldermen, Morristown,* 185 Tenn. 114, 120, 203 S. W. 2d 593.

There is nothing in the Beer Act, Code, Section 1191.1 et seq., which makes it mandatory on city authority to issue to any one, a license to sell beer. *Grubb v.*

*Mayor & Aldermen, Morristown, supra; Gatlinburg Beer Regulation Committee* v. *Ogle,* 185 Tenn. 482, 206 S. W. 2d 891.

"Running through these cases (*Wright* v. *State,* 171 Tenn. 628, 106 S. W. 2d 866; *Madison* v. *City of Maryville,* 173 Tenn. 489, 121 S. W. 2d 540; *Cravens* v. *Storie, Mayor,* 175 Tenn. 285, 133 S. W. 2d 609; *State ex rel. Saperstein* v. *Bass,* 177 Tenn. 609, 152 S. W. 2d 236, and *State ex rel. Mayor* v. *Cummings,* 178 Tenn. 378, 158 S. W. 2d 713, 139 A.L.R., 837) is emphatic recognition of the broadest powers of regulation of the sale of intoxicating beverages, including beer, in municipalities; that the granting of the privilege by State statutes does not preclude municipalities from enacting all reasonable measures deemed desirable for the protection of the morals of its community, even to the extent of prohibition;". *Howard et al.* v. *Christmas,* 180 Tenn. 519, 524, 176 S. W. 2d 821, 823.

On the authority of *Grubb* v. *Mayor & Aldermen, supra,* and *Howard* v. *Christmas, supra,* we cannot escape the conclusion that the municipal authority having power to prohibit, has the power to limit to any extent less than prohibition, since the greater power includes the less. This Court has never distinguished between the authority of the municipality to control liquor on the one hand, and beer on the other. We think that no such distinction can be made.

In *State ex rel. Veal* v. *Mayor & Aldermen of Dyersburg,* 184 Tenn. 1, 6, 195 S. W. 2d 11, an ordinance of the City of Dyersburg, in essential particulars, identical ·with the ordinance before us, passed to regulate and control the sale of liquor by limiting the number of retail stores to five, was upheld by this Court on the following

authorities: *State ex rel. Saperstein* v. *Bass,* 177 Tenn. 609, 616, 152 S. W. 2d 236; *Howard* v. *Christmas, supra; McCanless* v. *State exrel. Hamm,* 181 Tenn. 308, 314, 181 S. W. 2d 154, 153 A. L. R. 832.

When the City authority determines under the police power, that the interest of the municipality will be best served by limiting the number of retail outlets for the sale of beer, it seems clear from many cases collected in 124 A.L.R., at page 830 et seq., that the decision of the city authority is final, and not subject to judicial review. Further, from these authorities, it is clear that no constitutional right of a rejected applicant is infringed, since all citizens have an equal right to apply, and the city authority, in its discretion under a reasonable exercise of the police power and the preservation of law and order, may limit the number of applications to be granted. *State ex rel. Veal* v. *Mayor and Aldermen of Dyersburg, supra; State ex rel. Saperstein* v. *Bass, supra.*

Under the foregoing authorities, we hold that the ordinance was a valid exercise of the police power by the municipality, and did not violate Art. 1, Section 22, of the Constitution.

As to the insistence by the complainants that they were entitled to a mandatory injunction to compel municipal authority to issue the license, no Tennessee case is cited to support this insistence, and none can be found. In a very recent decision of this Court denying an identical contention, this Court said: "It is settled beyond the point of controversy that mandamus will not lie to coerce a county beer committee to issue anybody a permit. *State ex rel. Simmons* v. *Latimer,* 186 Tenn. 577, 212 S. W. 2d 386. It is unnecessary, therefore, to further

discuss that phase of the question." *State ex rel. Camper* v. *Pollard,* Tenn. Sup., 222 S. W. 2d 374, 375.

It results that so much of the Chancellor's decree as declared the Ordinance unconstitutional, is reversed, and so much of it as denied a mandatory injunction, is affirmed. The complainants will pay the costs.

NEIL, C. J., TOMLINSON and PREWITT, JJ.; concur.

BURNETT, J., not participating.