JOE DECARO

*v.*

CITY OF COLLIERVILLE et al.

373 S. W. 2d 466

(*Jackson,* April Term, 1963.)

Opinion filed December 5, 1963.

ABE D. WALDAUER, JAMES H. COOPER, Memphis, for appellants.

TOM P. MITCHELL, Memphis, for appellee.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

This action was brought by the appellee, Joe DeCaro, by petition for the writ of statutory certiorari, for trial *de novo,* under Chapter 105, Acts of 1961, as now codified in sec. 57-209, T.C.A. The question presented by the action is stated by the Chancellor, as follows:

"The Court is presented in this cause with a question of whether a municipality can deny a beer permit under the 1961 amendment to the beer statutes for the State of Tennessee, in the absence of a showing that the granting of such license would affect the health, morals and welfare of the community."

Mr. DeCaro first filed an application for a permit to sell beer from his grocery store in the City of Collierville on or about June 10, 1960. This application was denied by the Beer Board, made up of the Mayor and Aldermen of the City. On June 29, 1960, he once again appeared before the Beer Board and they once again denied his application. On October 18, 1960, he again, through counsel, petitioned the Beer Board for a permit to sell beer. This application was continued until November 11, 1960, when it was denied. On April 10, 1962, he again appeared before the Board and renewed his request for a permit to sell beer in his grocery store, and said request was again denied.

The City of Collierville duly enacted an ordinance in which they limited the number of outlets for the retail sale of beer to seven. Said ordinance was passed on its first reading on October 7, 1960; on the second reading on October 18, 1960; and on the third and final reading on November 11, 1960.

Collierville is a small municipality of some two thousand inhabitants. All of the retail outlets for the sale of beer are in seven restaurants. About 1952 one grocery store in this town did sell beer by the package, but at the request of various people in town this grocery store voluntarily quit the sale of beer. In requesting this grocery store to discontinue the sale of beer, these people

felt that the sale of beer from a grocery store tended to corrupt the morals of the town in that children see people carrying beer home with them and that the carrying of beer home in large quantities would be more conducive to intoxication than would the consumption of beer in a restaurant with a meal. Under an argument of this kind this grocery store, some eight or ten years prior to the institution of the present suit, had stopped selling beer, and there had been no beer sold except in these seven restaurants since then. This was evidently the same kind of reasoning that prompted the City Fathers to deny the appellee a permit to sell beer. The appellee is given an excellent character rating and there is no objection to him personally, and he otherwise complies with all the requirements of the statute for the issuance of a permit. Thus it is that we arrive at the question in this lawsuit as above quoted from the opinion of the Chancellor.

■ The Chancellor felt that in view of the opinion of this Court in *Fentress County Beer Board v. Cravens,* 209 Tenn. 679, 356 S.W.2d 260 (1962), that so long as the complainant complied with the provisions of the statute, sec. 57-205, T.C.A. it was mandatory on the Beer Board to grant him a permit. In this holding we think that the Chancellor was in error. All that the opinion in *Fentress County Beer Board v. Cravens,* supra, held (although some language in the opinion might be construed otherwise) was that under Chapter 105 of the Acts of 1961, which amended sec. 57-205, T.C.A., a refusal of a beer license could now be considered by the courts through the statutory writ of certiorari with a trial *de novo,* and that this statute was not unconstitutional in so providing, for reasons stated in the opinion. Neither this case nor the

1961 amendment in any way attempts to strike from the Code Section 57-508, T.C.A., which provides in effect that municipalities may enact ordinances governing the issuance and revocation of beer licenses.

In one of the first cases reviewing the statutes regulating the granting of permits or licenses for the sale of beer (sec. 57-201, T.C.A. et seq.) this Court held that this Chapter was in the nature of a local option law and that the Legislature intended that each municipality, looking to the morals and general welfare of its citizens, should have a wide discretion in regulating the traffic in beer and in determining to whom licenses should be issued for that purpose. *Cravens v. Storie*, 175 Tenn. 285, 133 S.W.2d 609 (1939).

"Local option with respect to intoxicating liquors, sometimes established by constitutional provision, and sometimes established by legislative act, is in essence the right of the people in a city, town or other specified locality to determine for themselves by a decisive vote at an election the issue whether or not they shall prohibit intoxicating liquors or adopt a particular regulation thereof." McQuillin, Municipal Corporations, 3rd Ed., Vol. 6, sec. 24.167.

As said above, Section 57-208, T.C.A., is a Section that authorizes municipalities to pass ordinances governing the issuance and revocation of beer licenses. This Section has in no way been repealed or affected by Chapter 105 of the Acts of 1961; a municipality still has the right to regulate the granting of permits or licenses to sell beer within the municipality as has been set forth in many of our cases, such as *Howard v. Christmas*, 180 Tenn. 519, 176 S.W.2d 821 (1944), which holds in effect

that there are wide discretionary powers given the Boards of municipalities with reference to zoning, etc.; and *Gatlinburg Beer Regulation Committee v. Ogle*, 185 Tenn. 482, 206 S.W.2d 891 (1947); *Ketner v. Clabo*, 189 Tenn. 260, 225 S.W.2d 54 (1949); and *Grubb v. Morristown*, 185 Tenn. 114, 203 S.W.2d 593 (1947), which hold that a city may by ordinance under its authority totally prohibit the sale of beer. In the Ketner case, above referred to, an ordinance had been passed limiting the number of permits to sell beer. This was held valid under sec. 57-208, T.C.A., which, as we have said, is still in full force and effect. This Ketner case likewise held that this Act does not make it mandatory on the city authority to issue to anyone a license to sell beer. In the Ketner case, supra, this Court likewise determined that a city under its police power had the interest of the municipality at heart and knows what interest will best be served by limiting the number of retail outlets for the sale of beer, and that its decision is final and no constitutional right of a rejected applicant for a beer license is infringed upon. The only effect of Chapter 105 of the Acts of 1961 is to give a person who has been denied a permit a right to be heard. This does not though make it mandatory upon the city to grant more permits than its City Fathers deem advisable.

Under the authority given a municipality by sec. 57-208, T.C.A., the appropriate Board may prescribe such rules and regulations as they think advisable. The only limitations on the power given by this Act is that the Board must exercise such power in good faith and not do it in a discriminatory and arbitrary manner. It is true that the Chancellor in his opinion herein did say, in holding that the City of Collierville must grant this per-

mit, that the action of the Board denying it was "discriminatory and arbitrary". This statement though was not based on a factual finding that such denial was against the appellee, but on the basis that in refusing to grant the permit the Board was going against the opinion of this Court in *Fentress County Beer Board v. Cravens,* supra. The factual situation of this record fails to show any discrimination or arbitrary action in reference to this appellee, but clearly the denial is based upon the feeling that the morals and general welfare of the City of Collierville would be best served by limiting the number of permits granted. Thus it is under many previous cases of this Court, and particularly *Ketner v. Clabo,* supra, we hold such an ordinance is valid.

■ It is the general law of the land that the liquor and beer business in its various aspects is generally subject to police power to regulate or even to prohibit. In *Grubb v. Morristown* and *Howard v. Christmas,* supra, this Court has held that municipalities under the very Act now in question have the broadest powers, even to the extent of prohibition, to regulate the sale of beer.

■ Local self-government by municipalities has run throughout the decisions from the beginning of time and is carried in many State Constitutions, and our decisions generally have construed this right, that is the right to local self-government, in harmony with State statutes. We in this State have the inherent right of self-government but this inherent right does not go beyond the legislative control of such right. *Smiddy v. City of Memphis,* 140 Tenn. 97, 203 S.W. 512 (1918). The Legislature here has not attempted to take away such a right but by this statute, sec. 57-208, T.C.A., has expressly conferred upon

the municipalities such a right. It is almost universally recognized that the intoxicating liquor business of all kinds is potentially, if not actually, dangerous or harmful to the public health, morality and welfare, and that consequently it is subject to strict supervision or prohibition by states and also by municipalities where they are authorized to act in the matter. See in particular *State ex rel. Saperstein v. Bass,* 177 Tenn. 609, 152 S.W. 2d 236 (1941), where this Court quoted with approval the statement of Mr. Justice Field in *Crowley v. Christensen,* 137 U.S. 86, 11 S.Ct. 13, 15, 34 L.Ed. 620. This statement made by Mr. Justice Field has been repeated many times by this Court in several of the cases above referred to.

The result is from what has been said heretofore the decree of the Chancellor must be reversed and the ordinance limiting the sale to seven places within this municipality must be affirmed.