WILLIAM L. CASE, Appellant,

*v.*

JOSEPH A. CARNEY et al., Appellees.

376 S. W. 2d 492

(*Nashville,* December Term, 1963.)

Opinion filed March 5, 1964.

598

JOHN T. CONNERS, JR., Nashville, of counsel, BOULT, HUNT, CUMMINGS & CONNERS, Nashville, for appellant.

ROBERT B. PURYEAR, III, Nashville, for appellees.

MR. JUSTICE HOLMES delivered the opinion of the Court.

In September 1962, the appellant, an employee of the Atlantic Company, which operates eight markets in Nashville and Davidson County known as "E-Z Food Shops," filed an application with the Beer Permit Board of the City of Nashville for a permit to sell beer for consumption off of its premises at its store located at 1201 Porter Road in Nashville. The Board denied appellant's application for such license without stating its reasons therefor. The appellant duly filed a petition for statutory certiorari in the Chancery Court of Davidson County, seeking a review of the action of the Board in denying this application and a trial *de novo* in the Chancery Court in conformity with T.C.A. sec. 57-209, as amended. A writ of certiorari to the Board was issued, requiring the members of the Board "to cause to be made certified and forwarded to" the Chancery Court a complete transcript of the proceedings had before the Board on appellant's application for such license. This writ was duly served upon the members of the Board, but no complete transcript of the proceedings before the Board was certified and forwarded to the Court.

The 1961 Amendment to T.C.A. sec. 57-209 makes the provisions of T.C.A. sec. 27-901 through sec. 27-913 applicable to the review to be had in the Chancery Court in such a case. T.C.A. sec. 27-911 provides that the case shall be heard in the Chancery Court upon the proof introduced before the Board and upon such other evi-

dence as either party may desire to introduce. The appellant testified by deposition in conformity with this Code Section. No other proof was taken in the Chancery Court.

Following the hearing in the Chancery Court, the Chancellor filed a memorandum opinion, which was made a part of the record, and which, among other things, states:

"This deposition (of the appellant) reveals that many people attended the public hearing and made statements, however, no record of this testimony before the Board was included in the papers filed.

"There is no indication in the record of any irregularity in the hearing before the Board and no issue is made of the personal qualifications of the petitioner or the adequacy of the premises for which the permit is sought. In the copy of the Board's minutes filed herein it gave no reason for refusing to issue petitioner a permit.

＊　＊　＊　＊　＊　＊

"From the foregoing the Court concludes that the Board did not act 'illegally, arbitrarily, capriciously and unreasonably,' in refusing to issue the petitioner a permit.

"The petition will be dismissed at the cost of the petitioner."

The decree of the Chancery Court recites:

"* * * the Court finds that the Beer Permit Board of the City of Nashville did not act illegally, arbitrarily, capriciously or unreasonably in refusing to issue the petitioner a permit."

Following the overruling of his motion for a new trial in the Chancery Court, the appellant duly perfected his appeal.

■ ■ The appellee has filed in this Court a "Motion to Dismiss Assignments of Error" upon the ground they do not meet the requirements of Rule 14 of this Court in that the assignments fail to show "specifically wherein the action complained of is erroneous, and how it prejudiced rights of the appellant" and failed to make "reference to the pages of the record where the ruling of the court on matters constituting errors of law appears." Rule 14(2), 209 Tenn. 793, 794.

The Assignments of Errors, Brief and Argument of appellant substantially comply with Rule 14. Furthermore, as pointed out by the present Chief Justice, in speaking for the Court, in *Norton v. Standard Coosa-Thatcher Co.*, 203 Tenn. 649, 658, 315 S.W.2d 245, 249:

"When it appears to the Court that no harm can be done to the one who makes the motion to enforce the Rule and that an injustice would be done by enforcing the Rule, then the Court should use grace and discretion in the administering of the rule."

The "Motion to Dismiss Assignments of Error" is overruled.

The appellant contends that, since the Chancellor found "no issue is made of the personal qualifications of the petitioner or the adequacy of the premises for which the permit is sought," he is entitled, as a matter of law, to have the license issued. As authority for this contention, he relies upon *Fentress County Beer Board v. Cravens*, 209 Tenn. 679, 356 S.W.2d 260, in which the Court, speak-

ing through Mr. Justice Felts, held that Chapter 105 of the Public Acts of 1961, which amended T.C.A. sec. 57-205 and sec. 57-209, was constitutional. That case reviews in detail the changes in our statutes regulating the sale of beer and fixing the scope of judicial review of the action of beer boards in refusing to issue, or in revoking, licenses. In that case, the Court stated:

"The Legislature had plenary power to prohibit the business of manufacture and sale of beer absolutely, or to legalize such business and license and regulate it as it saw fit, and to give an applicant a legal right to a permit on complying with the conditions prescribed, and a right to a review of the board's refusal of such permit by the statutory writ of certiorari."

The Fentress County case was dealing with a county beer board, whose authority is derived from T.C.A. sec. 57-205, and not with the beer board of a municipality, whose authority is derived from T.C.A. sec. 57-208 and from city ordinances enacted pursuant to the authority conferred by T.C.A. sec. 57-208, which Section was not amended by Ch. 105 of the Acts of 1961.

T.C.A. sec. 57-208 provides:

"All incorporated cities and towns in the state of Tennessee are authorized to pass proper ordinances governing the issuance and revocation of licenses for the storage, sale, manufacture and/or distribution of such beer and/or other beverages as herein prescribed within the corporate limits, providing a board of persons before whom such application shall be made, but the power of such cities to issue licenses shall in no event be greater than the power herein granted to counties, but cities and towns may impose additional

restrictions, fixing zones and territories and providing hours of opening and closing and such other rules and regulations as will promote public health, morals and safety as they may by ordinance provide."

In the recent case of *De Caro v. City of Collierville,* 213 Tenn. 254, 373 S.W.2d 466, the Court, speaking through Mr. Chief Justice Burnett, held that Collierville had authority, under T.C.A. sec. 57-208, to pass an ordinance limiting the sale of beer in that city to seven locations. In so holding, the Court stated:

"Neither this case (*Fentress County Beer Board v. Cravens,* supra) nor the 1961 amendment in any way attempts to strike from the Code Section 57-208, T.C.A., which provides in effect that municipalities may enact ordinances governing the issuance and revocation of beer licenses.

\* \* \* \* \* \*

"In the Ketner case (*Ketner v. Clabo,* 189 Tenn. 260, 225 S.W.2d 54) above referred to, an ordinance had been passed limiting the number of permits to sell beer. This was held valid under sec. 57-208, T.C.A., which, as we have said, is still in full force and effect."

A duly certified copy of the ordinances of the City of Nashville passed pursuant to the authority of T.C.A. sec. 57-208 is included in this record. Sec. 20-56 of the Nashville Municipal Code provides:

"No permit for the sale of beer, or any other beverage of an alcoholic content of not more than five per cent by weight, shall be issued where such sale would cause congestion of traffic or interfere with schools, churches, or other places of public gathering, or where the place of business to be operated under such permit

(excluding existing permits and the reissuance or renewals thereof) is less than two hundred and fifty feet from a church, park, school, kindergarten or public playground, such distance to be measured from nearest property line to property line, or where the applicant has once held a permit and it has been revoked less than a year from the time of his present application, or where it would otherwise interfere with the public health, safety and morals."

The finding of the Chancellor as to the "adequacy of the premises" is not a finding that the issuance of a license in this case would not "interfere with the public health, safety and morals."

The record contains petitions, signed by a great number of people, protesting the issuance of the license sought by appellant. It shows that some eighty persons appeared before the Board to oppose the application for this license. A transcript of their testimony was not sent to the Chancery Court. It does appear in the record that these people were afraid the sale of beer at this location would corrupt the youth of the neighborhood. Whether their fears were founded on any substantial ground, or merely on the basis that they are opposed to all laws which authorize the sale of beer, we are unable to determine from the state of this record.

As pointed out in the Fentress County Beer Board case, plenary power to prohibit or to legalize, license and regulate the sale of beer lies in the Legislature. By Legislative Act T.C.A. sec. 57-208, municipalities are authorized to pass proper ordinances governing the issuance and revocation of such licenses and, by ordinance, to make rules and regulations which will promote

public health, morals and safety. The City of Nashville has not seen fit, by ordinance, to fix zones in which licenses for the sale of beer may not be issued, nor has that city limited by ordinance the number of outlets for the sale of beer, as have Collierville, in the De Caro case, and Gatlinburg, in the Ketner case.

Under the terms of the Nashville ordinance, the Beer Licensing Board is given certain discretion in determining where the sale of beer would "cause congestion of traffic or interfere with schools, churches or other places of public gathering" or would "interfere with the public health, safety and morals."

██ This is a discretion to be exercised reasonably and in good faith, and not in a discriminatory and arbitrary manner, as is pointed out in the De Caro case. It is not to be used as a subterfuge for refusing licenses at the behest of those who do not agree with the ordinances of the municipality regulating the issuance of such licenses. If a municipality is to be zoned for areas in which such licenses are to be issued, the authority for such zoning lies with the legislative body of the municipality. The remedy of those who oppose the present statutes and municipal ordinances regulating the issuance of such licenses lies in the Legislature and in the legislative body of the municipality, for it is by ordinance that a municipality is authorized to impose additional restrictions relating to the issuance of such licenses. See *Howard v. Christmas,* 180 Tenn. 519, 176 S.W.2d 821; *Grubb v. Mayor and Aldermen of Morristown,* 185 Tenn. 114, 203 S.W.2d 593; *Ketner v. Clabo,* 189 Tenn. 260, 255 S.W.2d 54; and *De Caro v. Collierville,* supra. Of course, beer licensing boards of municipalities have power to make reasonable regulations consistent with applicable

statutes and municipal ordinances. *Gatlinburg Beer Reg. Committee v. Ogle,* 185 Tenn. 482, 206 S.W.2d 891.

In discussing the statutes regulating the manufacture and sale of beer in Tennessee in *Fentress County Beer Board v. Cravens,* supra, the Court recognized the discretion granted to local authorities. At page 682 of 209 Tenn., at page 261 of 356 S.W.2d, the Court stated:

> "Our statute (Acts 1933, ch. 69, now T.C.A. sec. 57-201) legalized the manufacture and sale of beer in Tennessee. But it provided no one could engage in such business without first obtaining a permit and a license from the local authorities (the city, if the business was to be therein, if outside the city, the quarterly court), and left a large discretion to such authorities in issuing and revoking permits."

The Court, in that case, then quoted the 1961 Amendment to T.C.A. sec. 57-205, which controls the issuance of licenses to sell beer outside of incorporated municipalities. In the Fentress County Beer Board case, the Board had refused to issue the license "because they were opposed to the sale of beer and would not issue a permit to anyone." Under such circumstances, the Board in that case, of course, was not applying the criteria set forth in T.C.A. sec. 57-205 in passing upon the application for such license. The 1961 Amendment to that Section provides:

> "Any applicant seeking a license or permit under this section and who complies with the conditions and provisions of this section *shall have issued to him* the necessary license." (Emphasis supplied)

That Section of the Code sets forth the requirements which must be met as a prerequisite to the issuance of

the license, which includes the requirement "that no such beverages will be sold except at places where such sale will not cause congestion of traffic or interference with schools, churches, or other places of public gathering, or otherwise interfere with public health, safety and morals." This is substantially the language quoted above from the Nashville ordinance.

In the Fentress County Beer Board case, the Board did not deny the permit because of the requirement of the statutes, but denied same because the Board would not issue a permit to anyone. Therefore, the action of the Board was contrary to the provisions of the statute.

In the case at bar, the opinion and decree of the Chancery Court show affirmatively that the Chancellor did not weigh the evidence before him, but simply found that the Board did not act "illegally, arbitrarily, capriciously and unreasonably" in refusing to issue the permit.

Under T.C.A. sec. 57-209, the appellant was entitled to a trial *de novo* and was entitled to have the Chancellor weigh the evidence and decide the case upon the merits without regard to what action the Board may have taken on this application. Therefore, the petitioner has not had the judicial review of his application for a license to which he is entitled under the existing law.

The case is reversed and remanded to the Chancery Court of Davidson County to the end that a trial *de novo* of the issues be had upon such proof as the appellant and the appellees may desire to introduce pursuant to the provisions of T.C.A. sec. 27-911. The costs of the appeal are assessed against the appellees. The costs in the Chancery Court will be adjudged by that Court.