## THE PANTRY, INC., Plaintiff-Appellee,

v.

## The CITY OF PIGEON FORGE, Tennessee, et al., Defendants-Appellants.

Supreme Court of Tennessee,
at Knoxville.

Nov. 5, 1984.

Gary R. Wade, Sevierville, for defendants-appellants.

David A. Lufkin, Knoxville (Finkelstein, Kern, Steinberg & Cunningham, Knoxville, of counsel), for plaintiff-appellee.

OPINION

BROCK, Justice.

The plaintiff applied for a permit to sell beer for off-the-premises consumption in the City of Pigeon Forge, Tennessee, and was denied that permit solely because its proposed location contained only 2,400 sq. ft. of heated, enclosed floor space, whereas, Ordinance No. 281 of the City forbids the issuance of a permit to any applicant whose premises contains less than 3,500 sq. ft. of heated, enclosed floor space. The plaintiff appealed and the Chancery Court held that the requirement of the ordinance that an applicant have 3,500 sq. ft. of heated, enclosed floor space was invalid because arbitrary and capricious; accordingly, the Chancery Court ordered that the permit be granted. We affirm.

The defendant City contends that its ordinance requiring 3,500 sq. ft. of enclosed, heated floor space is a valid enactment authorized by T.C.A., § 57–5–108, which provides:

"(a)(1) All incorporated cities and towns in the state of Tennessee are authorized to pass proper ordinances governing the issuance and revocation of licenses for the storage, sale, manufacture and/or distribution of such beer and/or other beverages as herein prescribed within the corporate limits, providing a board of persons before whom such application shall be made, but the power of such cities to issue licenses shall in no event be greater than the power herein granted to counties, but cities and towns may impose additional restrictions, fixing zones and territories and providing hours of opening and closing and such other rules and regulations as will promote public health, morals and safety as they may by ordinance provide."

That this enabling statute has been given the broadest possible construction by this Court cannot be doubted. *See: Watkins v. Naifeh*, Tenn., 635 S.W.2d 104 (1983); *Thompson v. City of Harriman*, Tenn., 568 S.W.2d 92 (1978). Nevertheless,

as the Chancellor held in the instant case, this broad grant of power to the city fathers to regulate the sale of beer may not be exercised in a discriminatory or arbitrary manner. The restrictions and regulations chosen by the City must be such "... as will promote public health, morals, and safety ...." T.C.A., § 57–5–108(a)(1).

The record in this case fails to disclose that the requirement of 3,500 sq. ft. of enclosed, heated floor space bears any reasonable relation to the public health, morals and safety of the people of Pigeon Forge; the Chancellor so held, and we agree. *See City of Chattanooga v. Tennessee Alc. Bev. Com'n*, Tenn., 525 S.W.2d 470 (1975). Nor does the record contain any evidence that would justify a conclusion that the plaintiff's premises which contains 2,400 sq. ft. of heated, enclosed floor space is in any manner not suitable as a location for the sale of beer for consumption off-the-premises or would in any manner be inimical to the public health, morals and safety of the people of Pigeon Forge. This is not to say that a city or town is without power to impose a restriction requiring a reasonable minimum amount of heated, enclosed floor space; we merely hold that the requirement of 3,500 sq. ft. of such space is unreasonable and arbitrary.

The decree of the Chancellor is affirmed and costs are taxed against the appellants.

COOPER, C.J., and FONES, HARBISON and DROWOTA, JJ., concur.