Donald E. FRITTS, et al., Appellants,

v.

Ed O. WALLACE, et al., Appellees.

Supreme Court of Tennessee,
at Jackson.

Jan. 26, 1987.

Raymond L. Ivey, Ivey & Parish, Huntingdon, for appellants.

W. Kent Jones, Lassiter, Jones & Ramsey, Huntingdon, for appellees.

OPINION

FONES, Justice.

The issue before the Court is whether a municipality may validly limit the issuance of permits to sell beer to regularly established grocery store[s], the majority of the gross sales of which are derived from the retail sale of groceries, and which store has been regularly established for twelve (12) months prior to the filing of an application for a beer permit.

We uphold the requirement that an applicant for a beer permit be a regularly established grocery store as reasonably related to the furtherance of the legitimate interest in protecting the public health, morals and safety.

In mid-winter 1985, plaintiff Fritts, as agent for MAPCO Petroleum, Inc., petitioned the McKenzie Beer Board for a permit to sell beer at a Delta gas station/convenience store which was planned to be opened on Highway 22 south of U.S. Highway 79. On February 28, 1985, that application was denied on the basis that plaintiff did not satisfy the requirements set out in McKenzie City Code § 2–231.

On April 20, 1985, Delta Station # 3132 opened for business. On June 15, 1985, plaintiff reapplied to the board for a license to sell beer in Delta Station # 3132. In a public hearing on June 27, 1985, plaintiff's request was once again rejected, presumably on the same basis as the prior denial.

On July 25, 1985, plaintiff filed a complaint in the Carroll County Chancery Court, by authority of statutory writ of certiorari, T.C.A. §§ 57–5–109, 27–9–101, *et seq.*, seeking *de novo* review of the Board's decision. In essence, plaintiff challenged McKenzie City Code § 2–231 as "arbitrary and capricious," arguing that the ordinance "in no way enhances or protects the safety, health or morals of the community, but is only for the purpose of delay and/or denial of otherwise worthy applicants."

Trial was had in the chancery court on February 13, 1986, and after plaintiff put on his proof, the cause of action was dismissed. In subsequently filed "Supplemental Findings," the trial court found that plaintiff "failed to qualify as a grocery store under the terms of the ordinance in that a majority of its gross sales are not from staple groceries and [plaintiff] has not been in operation for twelve months." The trial court then held that the McKenzie ordinance "limiting the sale of beer to legitimately operated grocery stores was not, as a matter of law, an arbitrary or oppressive restriction on the sale of beer by the City of McKenzie."

The trial court further noted that the definition of a grocery store "as a store that derives a majority of its gross sales from the retail sales of staple groceries and which has been engaged in such business for twelve months prior to an application to sell beer is a reasonable criteria for determining what constitutes a legitimately operated grocery store." The court concluded that plaintiff "failed to carry the burden of proof of showing that [the McKenzie ordinance] is not reasonably related to a protectable interest or that it is oppressive in its application."

Plaintiff directly appealed to this Court. We affirm.

Under T.C.A. § 57–5–108(a)(1),

[a]ll incorporated cities and towns in the State of Tennessee are authorized to pass proper ordinances governing the issuance and revocation or suspension of licenses for the storage, sale, manufacture, and/or distribution of such beer and/or other beverages as herein prescribed within the corporate limits, providing a board of persons before whom such application shall be made, but the power of such cities to issue licenses shall in no event be greater than the power herein granted to counties, *but cities and towns may impose additional restrictions*, fixing zones and territories and providing hours of opening and closing *and such other rules and regulations as will promote public health, morals and safety as they may provide by ordinance.* (Emphasis supplied.)

This Court has repeatedly recognized that the above quoted statute vests each municipality with an extremely broad power and discretion in the regulation and control over the sale of beer within the city limits. *See Richards v. Lewisburg Alcoholic Beverage Comm.*, 543 S.W.2d 852 (Tenn.1977), *Barnes v. Dayton*, 216 Tenn. 400, 392 S.W.2d 813 (1965); *Gatlinburg Beer Regulation Comm. v. Ogle*, 185 Tenn. 482, 206 S.W.2d 891 (1947). There is no doubt that this broad power and discretion extends to the enactment of ordinances that establish restrictions upon the issuance of permits to sell beer. *See Watkins v. Naifeh*, 635 S.W.2d 104 (Tenn.1982).

At the same time, however, this Court has recognized that underlying principles of fundamental fairness prevent municipalities from exercising their broad regulatory powers in an arbitrary or discriminatory manner. *The Pantry, Inc. v. City of Pigeon Forge*, 681 S.W.2d 23 (Tenn. 1984). Yet, when a regulatory measure, enacted pursuant to a government's authority to protect the public health, morals and safety, is challenged as breaching this concept of fundamental fairness, a reviewing court has a limited duty. The court's job is not to scrutinize the underlying wisdom of the challenged legislation; rather, if the court is able to conceive of a rational basis for the regulatory measures that is reasonably related to the legitimate government interest in protecting the public, the measure must be sustained. *Norris v. Bradford*, 204 Tenn. 319, 321 S.W.2d

■■■■■■■■

543 (1958); *Davidson County v. Rogers,* 184 Tenn. 327, 198 S.W.2d 812 (1947). Furthermore, the burden is on the party attacking the statute to show that the regulatory measure is not reasonably related to a protectable interest or that it is oppressive in its application. *Goodlettsville Beer Bd. v. Brass A Saloon,* 710 S.W.2d 33 (Tenn. 1986).

In essence, the challenged ordinance sets out two criteria for qualification as a "regularly established grocery store": (1) the applicant must derive a majority of its gross sales from the retail sale of staple groceries; and (2) the applicant must have been in such business for at least twelve months.

In *Goodlettsville Beer Bd. v. Brass A Saloon, supra,* an ordinance that required holders of on-premises beer permits to derive at least 51% of business revenue from the sale of food was under attack as unreasonable, arbitrary and unconstitutional. We upheld the ordinance on the grounds that requiring the sale of beer to merely compliment the sale of food, instead of being the principal business of a licensed establishment, promoted safety because the ingestion of food along with the consumption of alcoholic beverages tends to reduce the incidence of intoxication.

■ Similarly, in the instant case, requiring that off-premises licensees be established for 12 months in the grocery business insures that the sale of beer will be incidental and complementary to the sale of groceries, rather than a principal source of profit; and further that an established grocery business is less likely to violate the beer laws with respect to sale to minors and sales during prohibited hours, because the sale of beer would be secondary to the sale of groceries. The result of such an ordinance can reasonably be said to promote public safety and reduce law enforcement expense. Plaintiff has failed to carry the burden of showing that the ordinance is not reasonably related to those protectable interests or is arbitrary or oppressive.

The evidence is clear that Delta Station # 3132 does not derive a majority of its gross sales from the retail sale of staple groceries, and thus is ineligible to sell beer under the current McKenzie Code.

The decree of the trial court is affirmed. Costs are adjudged against plaintiff.

BROCK, C.J., and COOPER, HARBISON and DROWOTA, JJ., concur.