James NEECE, Appellant,

v.

The CITY OF JOHNSON CITY, Mayor Tom McKee, Commissioner Warren Vest, Commissioner James Roach, Commissioner Raymond Huff and Commissioner Shirley Chapman, Appellee.

Supreme Court of Tennessee, at Knoxville.

March 27, 1989.

Douglas J. Carter, Johnson City, Tennessee, for appellant.

James H. Epps, III, City Atty., Johnson City, for appellee.

## OPINION

FONES, Justice.

This is a direct appeal by Neece from an adverse judgment in the Law Court of Washington County, upholding the constitutionality of a Johnson City beer ordinance that denied the holders of county beer licenses, upon annexation, the right to transfer the license from one location to another—a right accorded to the twenty-one off-premises licensees within the city. We affirm.

Plaintiff operated a convenience style market-beer store for eight years preceding annexation of his property by Johnson City, in August 1986. He held an off-premises license issued by Washington County for that period of time. Several months prior to the annexation of his property, Ordinance 2559 was passed establishing a class 7 off-premises beer license applicable only to holders of off-premises licenses issued by Washington or Carter County, and held at the time of annexation. The ordinance imposed the restriction that it "shall not be transferred from the premises occupied at the time of annexation and qualification...." At that time there were 21 off-premises beer licenses outstanding in the City, issued pursuant to the city's beer ordinance, class 6, which authorized transfer of a license from one location to another. Also, Johnson City limited by ordinance the number of off-premises establishments to 21, except such increases as might from time-to-time result from licenses originally obtained from Washington and Carter Counties, located in annexed areas.

The trial judge found the following facts relevant to the adoption of Ordinance 2559, creating a class 7 license:

4. The City of Johnson City and its environs have been experiencing a period of growth and development. The City is expanding its geographical boundaries by annexation, with several areas being

considered for potential annexation. The Board was concerned about applicants being granted county beer licenses in areas of logical annexation by the City and, upon said area's being annexed, the newly annexed establishment's obtaining a "grandfathered" license from the City, causing an unwanted proliferation of beer establishments in the City.

5. A county beer license is arguably more readily obtainable and is certainly subject to fewer restrictions than a city-issued license. There is no limitation on the number of county-issued beer licenses.

6. The Board, in an attempt to continue to control the number of establishments selling beer within the city, passed an amending ordinance on June 19, 1986, no. 2559, which added a new off-premises classification for beer establishments brought into the City by annexation. The new class 7 allowed the annexed establishment to continue off-premises beer sales at that location. The new city-issued license, although transferable in ownership, was not transferable from one location to another. The annexed license application would have to meet all other qualifications established for existing City license-holders.

After plaintiff's property was annexed he applied for a class 6 off-premises license, or in the alternative, and under protest, a class 7 license. He was granted a class 7 license. Plaintiff contends that the class 7 license, encumbered by a prohibition against a transfer of location, violates the equal protection and due process clauses of the state and federal constitutions, that it should be declared invalid and that the city shall be ordered to issue a class 6 license to him.

The city argues they have the right to limit or classify such beer licenses, and that all "annexed" off-premises beer stores established under county licenses are treated the same.

■ Our legislature has vested municipalities with broad discretionary powers in the regulation and control of matters relating to the sale of beer within the city limits.

*See Fritts v. Wallace,* 723 S.W.2d 948 (Tenn.1987). A city has more power than a county to place restrictions upon the issuance of licenses. *Watkins v. Naifeh,* 635 S.W.2d 104, 108 (Tenn.1982).

■ However, the municipalities must not exercise their extensive regulatory powers in an arbitrary or discriminatory manner pursuant to the underlying principles of fundamental fairness. *The Pantry, Inc. v. City of Pigeon Forge,* 681 S.W.2d 23 (Tenn.1984). We have consistently recognized the limited duty of this Court in reviewing similar challenges. Most recently in *Fritts, supra* at 949 we reiterated:

> Yet, when a regulatory measure, enacted pursuant to a government's authority to protect the public health, morals and safety, is challenged as breaching this concept of fundamental fairness, a reviewing court has a limited duty. The court's job is not to scrutinize the underlying wisdom of the challenged legislation; rather, if the court is able to conceive of a rational basis for the regulatory measures that is reasonably related to the legitimate governmental interest in protecting the public, the measure must be sustained.

Plaintiff has the burden to prove that the ordinance "is not reasonably related to a protectable interest or that it is oppressive in its application." *Rivergate Wine & Liquors v. Goodlettsville,* 647 S.W.2d 631, 634 (Tenn.1983).

■ The trial judge gave the following reasons for rejecting plaintiff's constitutional attack:

> As concerns operation within the City's boundaries, the maximum limit of twenty-one (21) off-premises licenses was reached prior to the annexation of Neece's property. Thus at that time he could only hope to purchase an existing license if he wanted to operate within the City. He still has that opportunity if one of the pre-existing twenty-one (21) licenseholders wishes to sell to him. Additionally, by virtue of the annexation, he now has an off-premises beer establishment in the City, the license to which he

may convey to a qualified person. He simply cannot change the location of that establishment's license to another location within the City's boundaries, but he did not have that right prior to the annexation. So Neece has lost nothing. In no way can he complain that the City has dealt unfairly or arbitrarily with him. Nor can Neece complain that he is receiving any different treatment than any other annexed beer establishment will receive. The ordinance treats all in the annexed class equally.

We agree with the trial judge.

In establishing a class 7 license the city has achieved three regulatory results. First the transferability of location has been grandfathered in the 21 licensees whose locations and record of operations are known to the city. Second, the city has reserved the right to freeze the location of county licensees to the place of operation at the time of annexation. Third, the city has prevented a county licensee from eligibility, after annexation, to locate in the city limits, as established at the time of the adoption of Ordinance 2559, 19 June 1986, thus avoiding any conflict with its ordinance limiting locations to 21 in the "old" city limits.

In *Watkins v. Naifeh, supra,* we rejected a discriminatory challenge to the grandfathering of existing locations, in a city ordinance prohibiting beer establishments within 200 feet of a church or school. 635 S.W.2d at 109. The contention and the effect of the ordinance in this case are analogous to *Watkins.*

We find these regulatory measures to be within the authority of municipalities and non-discriminatory, and that a rational basis existed for the enactment of Ordinance 2559. The judgment of the trial court is affirmed. Costs are adjudged against plaintiff, Neece.

DROWOTA, C.J., and COOPER, HARBISON and O'BRIEN, JJ., concur.