# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

**FILED**

**November 19, 1997**

Public Service
Commission
No. 95-03383
**Cecil W. Crowson**

Appeal No.
**Appellate Court Clerk**
01A01-9601-BC-00008

BELLSOUTH TELECOMMUNICATIONS, INC.          )
d/b/a SOUTH CENTRAL BELL TELEPHONE          )
COMPANY,                                     )
                                             )
      Petitioner/Appellant,           )
                                             )
VS.                                          )
                                             )
H. LYNN GREER, Chairman, SARA KYLE,          )
Director, and MELVIN J. MALONE, Director,    )
Constituting the Tennessee Regulatory Authority,  )
                                             )
      Respondents/Appellees.          )


BELLSOUTH TELECOMMUNICATIONS, INC.,          )
                                             )   Public Service
      Petitioner,                     )   Commission
                                             )   No. 95-02614
VS.                                          )
                                             )   Appeal No.
TENNESSEE PUBLIC SERVICE COMMISSION,         )   01A01-9602-BC-00066
                                             )
      Respondent.                     )


STATE OF TENNESSEE, on relations of          )
BELLSOUTH TELECOMMUNICATIONS, INC.,          )
                                             )
      Petitioner/Appellant,           )   Davidson Chancery
                                             )   No. 95-2965-II
VS.                                          )
                                             )
KEITH BISSELL, STEVE HEWLETT, and            )   Appeal No.
SARA KYLE, in their capacity as Commissioners )   01A01-9601-CH-00016
of the Tennessee Public Service Commission,  )
                                             )
      Respondents/Appellees.          )

APPEAL FROM
THE TENNESSEE PUBLIC SERVICE COMMISSION
NASHVILLE, TENNESSEE

For BellSouth Telecommunications, Inc.:

Guy M. Hicks, III
Bennett L. Ross
Nashville, Tennessee

James G. Harralson
Atlanta, Georgia


For AT&T Communications of the
South Central States, Inc.:

Val Sanford
John Knox Walkup
Gullett, Sanford, Robinson & Martin
Nashville, Tennessee

For Tennessee Public Service Comm.:

Charles W. Burson
Attorney General & Reporter

Michael E. Moore
Solicitor General

Michael W. Catalano
Associate Solicitor General
Nashville, Tennessee


For Tennessee Consumers:

Charles W. Burson
Attorney General & Reporter

Michael E. Moore
Solicitor General

L. Vincent Williams
Consumer Advocate
Nashville, Tennessee

# PETITION FOR REHEARING DENIED

WILLIAM C. KOCH, JR., JUDGE

# OPINION ON PETITION FOR REHEARING

BellSouth Telecommunications, Inc. has filed a petition for rehearing that requests this court to modify its October 1, 1997 opinion to include a holding that BellSouth's price regulation plan became effective on March 1, 1996. At our invitation, the other parties to this appeal have now responded. AT&T Communications of the South Central States, Inc. asserts that the issues raised by BellSouth are within the original, primary jurisdiction of the Tennessee Regulatory Authority. The Tennessee Regulatory Authority asserts that setting March 1, 1996 as the effective date of BellSouth's price regulation plan is improper because BellSouth has not been operating under a price regulation plan as a result of our April 3, 1996 stay order. The Consumer Advocate Division launches an unfocused fusillade of complaints that our October 1, 1997 opinion "overlooks" or "misapprehends" prior case law, material facts, and the arguments in the Consumer Advocate's earlier briefs.[1]

Our October 1, 1997 opinion focused on the procedure employed by the Tennessee Public Service Commission to consider and act on BellSouth's application for a price regulation plan. Rather than focusing on the substance or merits of the Commission's decision, we held that the procedure the Commission followed did not comply with Tenn. Code Ann. § 65-5-209. Accordingly, we vacated the Commission's orders and remanded the case to its successor for further proceedings consistent with the requirements of Tenn. Code Ann. § 65-5-209.

We again decline the invitation to review the wisdom of the General Assembly's choice of the transition procedure in Tenn. Code Ann. § 65-5-209 over a "full-blown rate hearing." The General Assembly has the prerogative, within constitutional boundaries, to fashion this State's public policy. *See Cary v. Cary*, 937

---

[1] The Consumer Advocate Division raises many new arguments in its petition for rehearing, including its assertion that Tenn. Code Ann. § 65-5-209 (Supp. 1997), as interpreted by this Court, amounts to a taking of private property without due process of law and that this Court has usurped the powers of the Tennessee Regulatory Authority in violation of Tenn. Const. art. II, §§ 1 & 2. We will not attempt to run down the threads of each of the Consumer Advocate Division's arguments because the Division has not itself filed a petition for rehearing. Instead, we interpret its response to be that we should deny BellSouth's petition for rehearing because our October 1, 1997 opinion is simply wrong.

S.W.2d 777, 781 (Tenn. 1996). Accordingly, the courts consistently decline to inquire into legislative motivations, *see Memphis Publishing Co. v. City of Memphis*, 871 S.W.2d 681, 688 (Tenn. 1994), or into the wisdom of the legislature's policy choices. *See Neece v. City of Johnson City*, 767 S.W.2d 638, 639 (Tenn. 1989); *State v. Southern Fitness & Health, Inc.*, 743 S.W.2d 160, 164 (Tenn. 1987); *Soukup v. Sell*, 171 Tenn. 437, 441, 104 S.W.2d 830, 831 (1937).

The doctrine of separation of powers counsels the courts to avoid requiring an administrative agency to take a particular action except in the most extraordinary circumstances. We should decline, for constitutional and practical reasons, to shoulder an agency's responsibilities. Thus, the goal of a remand in cases of this sort should generally be to require the agency to carry out its task in a manner consistent with its statutory authority. *See Hoover, Inc. v. Metropolitan Bd. of Zoning Appeals*, ___ S.W.2d ___, ___ (Tenn. Ct. App. 1997).[2]

Throughout these proceedings, BellSouth consistently asserted that the procedure followed by the Commission was not authorized by Tenn. Code Ann. § 65-5-209 and requested the courts to require the regulators to make their decisions in accordance with Tenn. Code Ann. § 65-5-209. Our October 1, 1997 opinion settles the dispute concerning what Tenn. Code Ann. § 65-5-209 requires. Now it falls upon the Tennessee Regulatory Authority to consider BellSouth's application for a price regulation plan in accordance with Tenn. Code Ann. § 65-5-209.

Ordering the Authority to grant BellSouth's application for a price regulation plan and to declare that this plan has been in effect since March 1, 1996 would invade the Authority's jurisdiction and would also be inconsistent with our April 3, 1996 stay order. As a result of our stay, BellSouth has continued to operate under the former regulatory statutes rather than the new statutes enacted in 1995. Accordingly, BellSouth has not, as a matter of fact and law, been operating under a price regulation plan since March 1, 1996. It would be error for us to hold at this juncture that it has.

BellSouth's petition for rehearing is respectfully denied and the case is remanded to the Tennessee Regulatory Authority. The costs incident to this petition

---

[2]*Hoover, Inc. v. Metropolitan Bd. of Zoning Appeals*, App. No. 01A01-9609-CH-00442, 1997 WL 106978, at *3 (Tenn. Ct. App. Mar. 12, 1997), *perm. app. denied* (Tenn. Oct. 6, 1997).

are taxed against BellSouth Telecommunications, Inc. and its surety for which execution, if necessary, may issue.

_____

WILLIAM C. KOCH, JR., JUDGE

CONCUR:

_____

SAMUEL L. LEWIS, JUDGE

_____

BEN H. CANTRELL, JUDGE