# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

**July 16, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

BRENT DIXON, d/b/a ) 
CHAPARRAL'S STEAK HOUSE, ) 
         ) 
    Plaintiff/Appellee, ) 
         )   Appeal No.
         )   01-A-01-9809-CH-00484
VS. ) 
         )   Lawrence Chancery
         )   No. 9013-98
LAWRENCEBURG BEER BOARD and ) 
THE CITY OF LAWRENCEBURG, ) 
         ) 
    Defendant/Appellant. ) 

APPEALED FROM THE CHANCERY COURT OF LAWRENCE COUNTY
AT LAWRENCEBURG, TENNESSEE

THE HONORABLE JIM T. HAMILTON, JUDGE

JOE W. HENRY, JR.
DEBORAH R. SOWELL
HENRY, HENRY & SPEER, P.C.
119 South First Street
P. O. Box 458
Pulaski, Tennessee 38478
     Attorneys for Plaintiff/Appellee

ALAN C. BETZ
22 Public Square
P. O. Box 488
Lawrenceburg, Tennessee 38464
     Attorney for Defendant/Appellant

AFFIRMED AND REMANDED

BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:
KOCH, J.
COTTRELL, J.

# O P I N I O N

The Chancery Court of Lawrence County held that Lawrenceburg's beer ordinance was arbitrary because it limited the holders of licenses to sell beer to those named in the ordinance. We affirm.

## I.

Lawrenceburg's City Commission has consistently taken a hard line on the proliferation of beer outlets within the city. Between 1965 and 1994 the Lawrenceburg beer ordinance limited beer sales inside the city to six private clubs named in the ordinance. In 1994, when the number of beer permits had decreased to five, the city annexed an area in which there were five holders of beer permits issued by Lawrence County. The City Commission amended the beer ordinance to allow the five permit holders in the annexed area and the five existing establishments to continue to sell beer. The amended ordinance specifically named the current permit holders and specifically prohibited the issuance of any other beer permits.

By 1997 one of the original private clubs in the city had moved to the county, and the city had annexed three additional areas to the East, Northwest, and South. These areas contained three establishments selling beer under county permits. The City amended its beer ordinance once more to allow those three outlets to continue to sell beer. The ordinance listed all the permit holders by name, and provided that the number of permits in the city would thereafter be restricted in number to the twelve already holding permits. It also provided that a qualified purchaser of any of the businesses holding permits could be issued a permit to operate in the same location, but if any of the holders went out of business for twelve consecutive months, or failed to sell beer for twelve consecutive months, the number of permits allowed in the city would be reduced accordingly.

In 1998 Brent Dixon, the operator of Chaparral's Steak House in Lawrenceburg, applied for a permit to sell beer on his restaurant premises. The Beer Board rejected the application because of the restrictions in the beer ordinance. Mr. Dixon filed a petition for certiorari in the Chancery Court of Lawrence County, and the chancellor held that the City could not restrict the issuance of beer permits to those specifically named in the ordinance.

## II.

The Twenty-First Amendment to the United States Constitution ended national prohibition, § 1, but it gave back to the states the power to regulate the transportation or importation of intoxicating liquors for "delivery or use" in the states, § 2. In 1993 Tennessee responded to the impending end of the "noble experiment" by allowing the sale of 3.2 percent beer if the seller obtained a permit from a city or county. Tenn. Public Acts 1933, § 69; *McHenry v. State*, 80 S.W.2d 655 (Tenn. 1935).

The beer laws have remained remarkably constant since that time.[1] Cities have the power to regulate, by ordinance, the sale of beer so as to promote the public health, morals, and safety of their citizens. Tenn. Code Ann. § 57-5-108(a)(1). This statute "vests each municipality with an extremely broad power and discretion in the regulation and control over the sale of beer within the city limits." *Fritts v. Wallace*, 723 S.W.2d 948 at 949 (Tenn. 1987). The power cannot, however, be exercised in an arbitrary and discriminatory manner. *Id.* Where the ordinance arbitrarily denies an applicant a permit, the courts may grant the permit. *The Pantry, Inc. v. City of Pigeon Forge*, 681 S.W.2d 23 (Tenn. 1984).

A city may prohibit the sale of beer altogether, *Grubb v. Morristown*, 203 S.W.2d 593 (Tenn. 1947), or it may set a specific limit to the number of beer outlets.

---

[1] In 1935 the legislature amended the beer laws to apply to beverages having an alcoholic content of not more than five percent (5%) by weight. Tenn. Public Acts 1935, § 170.

*Ketner v. Clabo*, 225 S.W.2d 54 (Tenn. 1949); *DeCaro v. City of Collierville*, 373 S.W.2d 466 (Tenn. 1963). The courts have not paid much attention to how the rule against the arbitrary exercise of the city's power impacts the city's right to limit the number of beer outlets. In *DeCaro* the Court seemed to say that the ordinance limiting the number of outlets was virtually immune from review by the courts. In *Ketner* the Court was a little less absolute, for it impliedly recognized that a constitutional problem might be created by an arbitrary limit on the number of permits. The Court said:

> When the City authority determines under the police power, that the interest of the municipality will be best served by limiting the number of retail outlets for the sale of beer, it seems clear from many cases collected in 124 A.L.R., at page 830 et seq., that the decision of the city authority is final, and not subject to judicial review. Further, from these authorities, it is clear that no constitutional right of a rejected applicant is infringed, since all citizens have an equal right to apply, and the city authority, in its discretion under a reasonable exercise of the police power and the preservation of law and order, may limit the number of applications to be granted.

225 S.W.2d at 56.

We think the *Ketner* case contains the key to our present dilemma. Assuming that a city has the absolute right to limit the number of beer permits within its boundaries,[2] it is an arbitrary exercise of that power to limit the eligible applicants to those named in the ordinance. All citizens should have an equal right to apply. That right is denied when the ordinance restricts the number and then designates that number of permit holders by name.

Another fact that bears on the question of whether the ordinance is arbitrary is the provision in the Lawrenceburg ordinance that automatically reduces the number of outlets when a permit holder does not sell beer for a period of twelve months. If twelve outlets do not adversely impact the public health, morals, or safety

---

[2]We do not concede that the city has such absolute power. We think there is a threshold of reasonableness that must be reached, as the court recognized in *The Pantry, Inc. v. City of Pigeon Forge*, 681 S.W.2d 23 (Tenn. 1984) -- even though that case did not deal with limitations on the number of permits.

of the citizens of Lawrenceburg, it seems to us that it is arbitrary to automatically reduce the number to eleven when one permit holder goes out of business and stays out of business for twelve months.

We recognize that we may be accused of creating a meaningless right in all the citizens to compete for the limited number of permits when all available permits are already held. We do not know of any case where one permit holder has been "bumped" in favor of a new applicant. But there is no property right in a permit to sell beer. *Sparks v. Beer Committee of Blount County*, 339 S.W.2d 23 (Tenn. 1960). It is a limited privilege, and once properly conferred, it may not be arbitrarily taken away, *Wise v. McCanless*, 191 S.W.2d 169 (Tenn. 1945), but it is still subject to a reasonable exercise of the police power. *Rivergate Wine & Liquors v. Goodlettsville*, 647 S.W.2d 631 (Tenn. 1983). Thus, an ordinance that identifies beer permit holders by name arbitrarily takes away the right of the other citizens to compete for the limited number of permits allowed by the ordinance.

The judgment of the trial court is affirmed and the cause is remanded to the Chancery Court of Lawrence County for any further proceedings necessary. Tax the costs on appeal to the City of Lawrenceburg.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:

_____
WILLIAM C. KOCH, JR., JUDGE

_____
PATRICIA J. COTTRELL, JUDGE