ROBERT P. HOOVER and wife,    )
DONNA D. HOOVER               )
                              )
        Plaintiffs/Appellants,  )
                              )        Davidson Chancery
                              )        No.  94-2008-II
VS.                           )
                              )        Appeal No.
                              )        01A01-9602-CH-00085
METROPOLITAN BOARD OF         )
HOUSING APPEALS OF THE        )
METROPOLITAN GOVERNMENT OF    )
NASHVILLE AND DAVIDSON        )
COUNTY, TENNESSEE             )
                              )
        Defendant/Appellee.   )

FILED

August 2, 1996

Cecil W. Crowson
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE CHANCERY COURT OF DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE


HONORABLE C. ALLEN HIGH, CHANCELLOR


Robert P. Hoover
Donna D. Hoover
717 Evergreen Trial
P.O. Box 6263
Madison, TN 37116-6263
PRO SE/PLAINTIFFS/APPELLANTS

Lizabeth D. Foster #16452
Department of Law
204 Metropolitan Courthouse
Nashville, TN 37201
ATTORNEYS FOR DEFENDANT/APPELLEE


AFFIRM.


                    HENRY F. TODD
                    PRESIDING JUDGE, MIDDLE SECTION


CONCUR:

SAMUEL L. LEWIS, JUDGE
WILLIAM C. KOCH, JR., JUDGE

ROBERT P. HOOVER and wife,           )
DONNA D. HOOVER                       )
                                                      )
         Plaintiffs/Appellants,              )
                                                      )         Davidson Chancery
                                                      )         No. 94-2008-III
VS.                                                  )
                                                      )         Appeal No.
METROPOLITAN BOARD OF          )         01A01-9602-CH-00085
HOUSING APPEALS OF THE           )
METROPOLITAN GOVERNMENT OF  )
NASHVILLE AND DAVIDSON         )
COUNTY, TENNESSEE                  )
                                                      )
         Defendant/Appellee.              )


## O P I N I O N


This suit was originated by a petition for certiorari to review the administrative order

of the Metropolitan Board of Housing Code Appeals requiring the demolition of substandard

improvements on six tracts belonging to Plaintiffs.  The Trial Court reversed the order as to

three of the tracts which are not involved in this appeal.  The Trial Court affirmed the

demolition order as to three of the tracts, and Plaintiffs appealed and have presented the

issues for review in the following form:


### I

The Chancellor erred, under the common law writ of
certiorari, by weighing the evidence presented before the
Board and in making its owen (sic) determination of the
facts.


### II

The Chancellor erred in finding that the Board acted
properly in denying the relief requested by the appellant
when there is no material evidence in the record to support
the action of the Board.


### III

No sufficient material evidence exists in the record
to support the decision of the Metropolitan Board of
Housing Code Appeals or the trial court that subject
Properties should be demolished.


The record shows, and the brief of appellant concedes that:

3.     At various times, appellants received notices from the Metropolitan Department of Codes administration regarding the condition of the properties owned by the Appellants.  Specifically, the following notices were sent:

November 25, 1992 as to 224 Hillcrest Drive
September 15, 1993 as to 827 Cherokee Avenue
April 4, 1994 as to 910 Cahal Avenue

The notices require, among other things, the demolition of the dwellings located at the above addresses.  The basis for the demolition notices was the finding that the dwellings could not be repaired for less than fifty per cent of the value of dwelling.

This action by the said Metropolitan Department of Codes Administration was appealed by the appellants to the appellee, Board on May 18, 1994.

Each of the appeals to the Board of Appeals was effected by a Petition for Appeal which contained the following paragraph:

Grounds for appeal: I am appealing this before the board because I have obtained financial backing through an individual who has secured a loan through 1st Am., also matching funds with HUD (Home Rental Rehab Program) which is MDHA. There has been some work done on this property and monies spent out and I have 2 mortgages on this property.  Again, I appeal also on the grounds that I am retired and if not allowed to repair this property, I will have to make mortgage payments on empty lots which will affect all future income and retirement.

The record contains a verbatim transcript of the hearing before the Board which was an informal discussion of the members of the Board with Mr. Hoover, his lawyer and contractor regarding the efforts of Mr. Hoover to finance the rehabilitation of his property. There was no discussion or testimony as to the grounds of the demolition orders, i.e., that the cost of rehabilitation of each of the properties was more than 50% of the value of the property.

After a lengthy discussion among themselves, the Board members voted unanimously to affirm the demolition orders.

The petition for certiorari states:

> Petitioners would show to the court that at the hearing on June 8, 1994, no evidence was presented to the Board to support the position of the Metropolitan Department of Code Administration as set out in the notice (Exhibit A). Specifically, said notice provides that the properties contained certain defects and that the cost to repair these defects exceeded fifty per cent of the value of the properties. There was absolutely no evidence as to the costs of the repairs or the physical value of the properties.
>
> Petitioners would further show that at the hearing the Respondent, Board, accepted evidence on only one of the six properties herein, to wit; 1234 Archwood Drive, and that after the presentation of this very limited evidence of the said properties, the Petitioner, Robert P. Hoover, was invited to leave the hearing, and the Board indicated that it would consider all the properties and send notice to the Petitioners of its decision.
>
> Petitioners would show that in light of the complete lack of evidence supporting the conditions set out in Exhibit A, that the order of the Board is, therefore, arbitrary, capricious, illegal, and beyond its jurisdiction.

The answer of the Board states:

> In response to the allegations of paragraph 7, it is averred that the Board was presented with evidence on each of the Properties at issue, and that it informed petitioner Robert Hoover at the hearing that it would inform him in writing of its decision. All remaining allegations, and those inconsistent with the foregoing, are denied.

As above indicated, appellant's first complaint is that the Trial Court erroneously weighed the evidence.

Rule 6(b) of the Rules of this Court provides:

> No complaint of or reliance upon action by the Trial Court will be considered on appeal unless the argument thereon contains a specific reference to the page or pages of the record where such action is recorded.

No such citation is found in any part of the brief of appellants. There is no transcript or narrative statement of the evidence wherein any evidence might be found supporting Plaintiff's first insistence. The Trial Judge filed a comprehensive memorandum which has

been minutely examined without discovery of any indication that he weighed the evidence.

On the contrary, the memorandum states:

> The issue before the Court is whether the action of the
> Board in ordering the demolition of the properties was
> illegal or in excess of its jurisdiction. T.C.A. § 27-8-101.
> The decision of the Board will not be disturbed unless it
> can be shown to be beyond its jurisdiction or not
> supported by material evidence in the record. *Huddleston
> v. City of Murfreesboro*, 635 S.W.2d 694 (Tenn. 1982).
>
> Petitioners contend that no evidence was presented to
> the Board as to the cost of repairs or the value of the
> properties. The Court notes that the focus of the hearing
> before the Board was petitioners' claimed hardship as
> grounds for a variance from the demolition orders.
> Petitioners were seeking more time to make repairs
> before their properties would be demolished. It does
> not appear from the record presented that petitioners
> contested the validity of the underlying demolition orders.
>
> If the repair of the dwelling cannot be made at a cost less
> than fifty per cent of value, the Codes Department is
> authorized to order that the building be demolished. Metro
> Code § 16.24.300(B). Failure of a property owner to comply
> with an order of the Codes Department to repair or demolish
> a building is grounds for the Metropolitan Government to take
> appropriate action to remedy the condition. Metro Code
> § 16.24.300-330; T.C.A. § 13-21-102.
>
> Accordingly, the Court has determined that the decision of
> the Board is supported by material evidence and is within its
> jurisdiction.

No merit is found in Plaintiff's first insistence.

Appellants next insist that no evidence of any kind was presented to the Board as to

the value or cost of repairs of the subject properties.

In addition to the transcript of the hearing before the Board, discussed above, the

administrative record consists of reports and "findings" of inspectors, notices to the property

owners and findings and orders of the Department.

The informal discussion recorded in the transcript includes the following statements of Mr. Hoover:

> The one on Hillcrest, I got a mortgage - I got a signed
> notarized statement on all of these. I've got a mortgage with
> Associates approximately $17,000 to $20,000. On Hillcrest,
> I owe $20,150.

The records of the department include a letter from a finance company stating:

> This serves as notice that Mr. & Mrs. Robert Hoover owe
> an outstanding balance of $20,150.58 on property located at
> 224 Hillcrest Drive, Madison, TN. We are the lien-holder on
> this property.
>
> The remaining balance on the mortgage on property located
> at 910 West Cahal Ave. Is $14735.15. The monthly payment
> is $248.70.

The findings in the Department records include conclusory findings by inspectors and the Department in respect to each of the subject properties that "the cost of rehabilitation exceeds 50% of the value of each of the subject properties.

If the issue of the competency of the evidence of the value and cost of rehabilitation of each of these properties had been squarely presented to the Board of Appeals, this Court would be reluctant to hold that the above quotations from the administrative record constituted "substantial and material evidence" to support the order of the Board.

However, the limited character of the "grounds for appeal" in the "petitions for appeal" excludes and waives by omission the requirement that the Board of Appeals receive competent substantial and material evidence as to an issue not presented to it.

The records of the Department show that the appellants were notified that the inspectors and the department had made a determination that the cost of repair of each of the subject properties exceeded 50% of the value of the property, and appellant made no issue as to this determination or competency of evidence in his appeal to the Board of Appeals. The

failure to state this issue in the grounds of appeal quoted above, was comparable to the "waiver of defenses" provided by T.R.C.P. Rule 12.08.

Under the stated circumstances, the failure of appellants to challenge the "findings" of the inspectors and department amounted to a waiver of the production of competent substantial and material evidence before the Board of Appeals on the subject of cost of repairs and value of the subject properties. Such waiver made during the administrative proceedings deprived the Department of the opportunity to present more competent evidence to the Board of Appeals, and therefore, precludes the appellants from presenting the question for the first time in their appeal to the courts.

The strict rules of evidence applied by the courts are not necessarily applicable in hearings before administrative agencies. 73-A CJS Public Administrative Law & Procedure § 125 p. 28. A rule of evidence not invoked is regarded as waived. Ibid p. 29, note 93.

Considering the strict judicial rules of evidence to be relaxed or waived, this record does contain substantial and material evidence that each of the subject properts required repairs the cost of which would exceed 50% of the value of the property. The lists of necessary repairs and comprehensive pictorial illustrations are sufficient to satisfy a reasonable person of the cost of repairs in relation to the value of the property.

Under the unusual circumstances of this case, the decision of the Board is supported by substantial and material evidence. It therefore is not subject to attack by common law certiorari because it is "clearly illegal, arbitrary or capricious. *McCallen v. City of Memphis*, Tenn. 1990, 786 S.W.2d 633.

The Brief of the Board argues that the Board has no authority to reverse the action of the Department, but only to grant delays or other relief to mitigate the effect of a demolition order of the Department.

Section 2.88.070 of the Metropolitan Code empowers the board to sustain or modify the actions of the Department. The power to modify is the power to reverse.

The judgment of the Trial Court is affirmed. Costs of this appeal are assessed against the appellants. The cause is remanded to the Trial Court for necessary further proceedings.

AFFIRMED AND REMANDED.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
SAMUEL L. LEWIS, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE